**NOT FOR PUBLICATION** (Doc. No. 39)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
KELVIN DAUGHTRY,                        :
                                        :
         Plaintiff,                  :   Civil No. 09-5111 (RBK/AMD)
                                        :
         v.                          :   **OPINION**
                                        :
FAMILY DOLLAR STORES, INC.,             :
                                        :
         Defendant.                  :
_____  :

**KUGLER**, United States District Judge:

       This matter arises out of alleged employment discrimination and retaliation at a Family Dollar store in New Jersey. Presently before the Court is the motion by Plaintiff Kelvin Daughtry for reconsideration of the Court's Opinion and Order dated February 16, 2011, (Doc. Nos. 37, 38). For the reasons discussed below, the motion is **DENIED**.

**I. BACKGROUND**

       The relevant facts of this case are outlined in the Court's Opinion dated February 16, 2011. Daughtry v. Family Dollar Stores, Inc., No. 09-5111, 2011 WL 601270, at *1-3 (D.N.J. Feb. 16, 2011).

**II. STANDARD**

       In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins.

Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

## III. DISCUSSION

Plaintiff argues that the Court should reconsider its Opinion granting Defendant summary judgment because there is a material issue of fact concerning whether Ireson terminated Plaintiff's employment as retaliation for Ms. Daughtry's EEOC Charge. Plaintiff argues that the Court overlooked an email that Ms. Daughtry directed to the President of Family Dollar in February 2007, which contains a description of the alleged mistreatment she suffered at the hands of Family Dollar employees. Plaintiff claims that because a Family Dollar employee forwarded that email to Alex Earle, and copied Ireson, Ireson knew that Ms. Daughtry complained of unlawful discrimination.

Because Ms. Daughtry's email does not undermine the Court's prior ruling, the Court finds that reconsideration is inappropriate. On February 28, 2007, Ms. Daughtry sent an email to the President of Family Dollar describing the allegedly discriminatory treatment she received at Family Dollar. Significantly, Ms. Daughtry's email states:

> I will say that because of the discrimination at this level I have spoken to the Labor Board, EEOC, as well as my attorney Mr. John W. Beavers regarding my issues. <u>I have not followed thru [sic] with anything in hopes that when a situation like this which can be proven you must give the proper parties a chance to rectify it first</u>. It is my hope that this can be rectify [sic] soon. I use [sic] to love my job and what I do but now I go to work everyday unhappy and distraught over what happened to me at the hands of several individuals in this company.

(Pl.'s Mot. for Reconsideration Ex. A, at 2). Thereafter, Ms. Daughtry "followed thru" with her e-mail to the President of Family Dollar by filing an EEOC Charge on May 23, 2007. The EEOC did not mail Ms. Daughtry's EEOC Charge to Family Dollar until at least June 19, 2007 – nearly two weeks after Defendants terminated Plaintiff's employment. (Defs.' Rule 56.1 Statement ¶ 42; Pl.'s Resp. to Defs.' Rule 56.1 Statement ¶ 42). Defendant puts forth no evidence that between May 23, 2007 – the day Ms. Ireson filed the EEOC Charge – and June 6, 2007 – the day Plaintiff was terminated, Stifano and Ireson received notification of Ms. Daughtry's EEOC Charge. Thus, no reasonable jury could conclude that Ireson received notification of Ms. Daughtry's EEOC Charge before June 6, 2007.

Indeed, even drawing all reasonable inferences in favor of Plaintiff, at most, Ms. Daughtry's email demonstrates that she experienced discrimination at Family Dollar, but chose to give Family Dollar the opportunity to rectify the situation before filing a formal EEOC Charge; not that Ireson was aware that Ms. Daughtry filed an EEOC Charge against Family Dollar. Thus, the sole evidence Plaintiff puts forth on his motion for reconsideration does not

3

establish that Stifano or Ireson knew that Ms. Daughtry filed an EEOC Charge when they decided to terminate Plaintiff's employment. Therefore, because no reasonable jury could conclude that Ms. Daughtry's email creates a reasonable inference that Ireson knew that Ms. Daughtry filed a charge of employment discrimination on May 23, 2007 when Ireson terminated Plaintiff's employment, Plaintiff's motion for reconsideration is denied.[1]

### III. CONCLUSION

For the reasons discussed above, Defendants motion for reconsideration is **DENIED**. An appropriate order shall issue today.


Date:   8/05/2011                                   /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge

---

[1] The Court notes that the Complaint alleges that Defendants terminated Plaintiff's employment because his wife filed an EEOC Charge. Specifically, the Complaint alleges that "[u]pon information and belief, plaintiff Kelvin Daughtry was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that he was fired because his wife, Darlene Daughtry, <u>filed a charge of employment discrimination</u> against the same employer, and defendant believed that plaintiff Daughtry testified, assisted, or participated in her investigation, proceeding, or hearing under Title VII." (Compl. ¶ 70) (emphasis added). Plaintiff's EEOC Charge alleges "I believe that I was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that my wife, Darlene Daughtry, <u>filed a charge of employment discrimination on May 23, 2007</u> against the same employer. That charge has been assigned Charge Number 530-2007-02786." (Simmons Cert. Ex. 2, K. Daughtry EEOC Charge). Thus, the "protected activity" to which Plaintiff refers in the Complaint is Ms. Daughtry's formal EEOC Charge on May 23, 2007.

4